**The below described is SIGNED.**

**Dated: June 08, 2011**

_____
**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**



_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Bankruptcy No. 11-22880 RKM |
|---|---|
| **INFINITE SWANS, LLC**, | Chapter 11 |
| Debtor. | Honorable R. Kimball Mosier |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING LARRY B. WEBSTER'S MOTION
FOR RELIEF FROM STAY AND FOR ADEQUATE PROTECTION**

This matter came before the Court for preliminary hearing on April 27, 2011 and for final evidentiary hearing on May 24, 2011 at 1:00 p.m. and June 8, 2011 at 2:00 p.m. upon the *Motion for Relief from Stay and for Adequate Protection*, dated March 22, 2011 [Docket No. 5] (the "**Motion**"), filed by secured creditor Larry B. Webster ("**Creditor**"). Matthew M. Boley and Roy B. Moore appeared on behalf of Creditor. Jeremy D. Eveland appeared on behalf of debtor Infinite Swans, LLC (the "**Debtor**"). Other counsel and parties in interest entered their appearances on the record.

In the Motion, Creditor requests entry of an order pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), terminating the stay imposed under 11 U.S.C. §§ 362(a) as to (a) the real property and improvements located in Salt Lake County, State of Utah at 2062 East Walker Lane, Holladay, Utah 84117 (the "**Property**"), and more particularly described in that certain Trust Deed with Assignment of Leases and Rents, recorded in the records of Salt Lake County on June 22, 2009 at Entry No. 10735592 in book 9738 at pages 1153 through 1190 (the "**Trust Deed**"), and (b) the personal property and fixtures described or itemized in the attachments to the Trust Deed.

At the hearings on the Motion, the Court received the testimony of Larry B. Webster, Martin W. Macey, Thomas E. Mulcock, Quinn J. Biesinger, several exhibits, and other evidence.

Based upon the evidence received at the hearings on the Motion, the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES** as follows:

A. the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334;

B. the contested matter presented by the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (D) and (O);

C. notice of the Motion and of the hearing on the Motion was adequate and appropriate in accordance with 11 U.S.C. § 102(1), Federal Rule of Bankruptcy Procedure 4001 and Local Rule 4001-1;

D. Creditor holds a claim against the Debtor for amounts due under a *Promissory Note* as modified by a *Loan Forbearance Agreement* (the "**Claim**") which, according to the accounting prepared by Creditor, was in the amount of at least $3,239,276.97 on March 7, 2011 (the "**Petition Date**") and $3,311,616.98 on May 25, 2011, with interest accruing thereafter at the rate of $1,080.64 per day;

E. in its schedules filed in the Case and signed by Martin W. Macey under penalty of perjury, the Debtor has listed the amount of the Claim as $3,190,000, and has not designated the Claim as contingent, unliquidated or disputed;

F. as security for the payment of the Claim, Creditor holds a valid, properly perfected and enforceable lien and security interest upon the Property;

G. according to the testimony of appraiser Thomas E. Mulcock, the value of the Property is no greater than $2,700,000;

H. according to the testimony of appraiser Quinn J. Biesinger, the value of the Property is $3,140,000;

{00122573.DOC / } 2

I. the value of the Property is less than the amount of the Claim;

J. the Debtor does not have an equity in the Property;

K. the Property is not necessary to an effective reorganization;

L. because of market pressures, there is a substantial risk that the Property is declining in value and/or that it will decline in value during the pendency of the Case;

M. the Property is subject to additional risk of diminution on account of, among other things, the 2011 real property taxes that are accruing;

N. the Debtor has not demonstrated that it is able to provide ongoing adequate protection payments or interest payments to Creditor in an amount sufficient to protect Creditor against the risks of diminution and/or the risks of impairment in the value of its lien;

O. the Debtor has not demonstrated that it has reliable income or a reliable source of funds to pay adequate protection payments or interest payments to Creditor;

P. cause exists to grant relief from the automatic stay for, among other things, lack of adequate protection of Creditor's interest in the Property;

Q. the following indicia of bad faith are present in the instant Case

    1. the Debtor has only one asset – the Property;

    2. the secured claim of Creditor fully encumbers the Property;

    3. the Debtor has no creditors other than Creditor;

    4. Creditor testified that he would not vote to accept a plan proposed by the Debtor in this Case;

    5. the Debtor will not be able to confirm a plan of reorganization, among other reasons, because it will not be able to secure the approval or acceptance of the plan by any impaired class of creditors;

    6. the Debtor has no employees;

    7. before the Petition Date, the Debtor never had any bank accounts or had any cash flow;

8. the Debtor filed the instant Case on the eve of foreclosure of the Property by Creditor;

9. on November 30, 2010, the Debtor filed an earlier chapter 7 Case on the eve of foreclosure, which the Debtor's principal admitted was for the sole purpose of preventing and delaying foreclosure on the Property;

10. the Debtors' chapter 7 case was dismissed after Creditor obtained an order terminating the automatic stay;

11. excepting the automatic stay imposed by the filing of bankruptcy, the Debtor had and has no legal or factual basis to forestall or to avoid the foreclosure;

12. the automatic stay incident to a bankruptcy filing was the only means by which the Debtor could prevent the foreclosure;

13. the filing of this Case was filed solely to prevent and delay foreclosure by Creditor;

14. the Debtor lacks a realistic possibility of reorganization or rehabilitation, and its proposed plan does not offer a "reasonable prospect" of success; and

15. the Case was not filed to benefit any creditors, but solely to advance the interests of the Debtor's principals, who reside in the Property;

R. cause exists to grant relief from the automatic stay, among other reasons, because the Debtor filed the instant Case in bad faith;

S. under the circumstances, cause exists to suspend and order inapplicable the fourteen (14) day stay referenced under Federal Rule of Bankruptcy Procedure 4001(a)(3); and

T. the Court made other findings of fact and conclusions of law on the record during the hearing on the Motion, which findings and conclusions are deemed incorporated herein.

------------------------------------ END OF DOCUMENT ------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

The undersigned hereby designates the following parties to be served a copy of the foregoing **FINDINGS AND CONCLUSIONS**:

**(A) By electronic notice delivered via CM/ECF to all persons who are registered to receive such notice and (B) to all others by U.S. Mail, first-class postage prepaid:**

Matthew M. Boley
Parsons Kinghorn Harris
111 E. Broadway, 11th Floor
Salt Lake City, UT 84111

J. Vincent Cameron
Office of the United States Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Roy B. Moore, Esq.
ROY B. MOORE & ASSOCIATES
428 East Winchester Street, Suite 140
Salt Lake City, UT 84107

Jeremy D. Eveland, Esq.
EVELAND & ASSOCIATES, PLLC
8833 South Redwood Road, Suite C
Salt Lake City, UT 84088

/s/ Matthew M. Boley